UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ST. VINCENT MEDICAL CENTER, a California non-profit religious corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE MEGA LIFE AND HEALTH INSURANCE COMPANY, an Oklahoma for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. CV 12-2694 SVW (CWx)<br><br>HON. STEPHEN V. WILSON<br><br>**[PROPOSED] ORDER APPROVING STIPULATED PROTECTIVE ORDER**<br><br>[Filed Concurrently with Stipulated Protective Order]<br><br>*Note changes made by the Court* |

Good cause appearing, the Court approves and enters the Stipulated Protective Order on the terms set forth below.

1. The term "Confidential Material" as used in this Stipulated Protective Order shall mean all documents designated as such by the party to this action providing it or by the party to whom such information relates, as follows: In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

prior to production: **"CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER."**

  (a) In the case of discovery responses and the information contained therein, designation shall be made by means of a statement at the conclusion of such responses specifying that the responses or parts thereof are designated as confidential. The following legend shall be placed on the front of any discovery response containing information designated as confidential and on each page of the discovery response that is deemed confidential: **"CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER."**

  (b) In the case of depositions and hearings, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by counsel for the party whose Confidential Material is involved by (a) making a statement to such effect on the record in the course of the deposition or hearing; or (b) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness or within 45 days of receipt of the transcript of the hearing. If such designation is made, the original and each copy of the transcript which contains Confidential Material shall bear (or shall be modified by counsel to bear) the following legend on the cover thereof: **"CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER."**

  2. Confidential Material shall be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to only the following persons or entities:

  (a) The parties to this action;

  (b) The attorneys for plaintiffs and defendant and their respective employees;

2

   (c) Any person from whom testimony is taken or to be taken in this action, except that such person may be shown copies of Confidential Material only during his or her testimony and in preparation therefore, to the extent relevant to such testimony, and may not retain any Confidential Material;

   (d) Consultants, experts and investigators employed by plaintiffs or defendant, or their attorneys, in the prosecution or defense of any aspect of this litigation;

   (e) Court reporters used in connection with this action and their employees;

   (f) The Court and its staff; and

   (g) The jury, if any, in the trial of this case.

  No disclosure shall be made to any person pursuant to subparagraphs (c), (d) or (e) of this paragraph until such person has executed an Understanding and Agreement to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A.  With respect to consultants and/or investigators employed by the parties to this litigation, Exhibit A will be fully executed and will be retained by counsel for the party employing the respective consultant or expert.

  3. All persons described in paragraphs 2(a) through (g) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained therefrom except in conformance with this Stipulated Protective Order.

  4. Nothing in this Stipulated Protective Order shall prevent any use of information which is available outside the discovery process in this action.

  5. Any motion papers, briefs, memoranda, affidavits, declarations, exhibits, transcripts or other papers filed with the Clerk of the Court that contain any Confidential Material shall be **submitted for filing** ~~filed~~ under seal by the filing party in accordance with Central District Local Rule 79-5.1.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

[PROPOSED] ORDER APPROVING
STIPULATED PROTECTIVE ORDER

6. If any party or non-party bound by this Stipulated Protective Order intends to disclose, discuss or otherwise refer to any Confidential Material in open court at any hearing or trial, such person shall notify the Court, the party that designated the Confidential Material as "Confidential," and all other parties to this Action of its intention to do so.

7. Notwithstanding anything to the contrary in paragraphs 5 and 6, any party may use without restriction, irrespective of whether such document or information has been designated as Confidential Material:

    (a) its own documents or information;

    (b) documents or information concerning or reflecting transactions or communications to which it is a party; and

    (c) documents or information developed or obtained independently of discovery in this action.

8. This Stipulated Protective Order shall apply with equal force to any and all copies, extracts, compilations, summaries and oral recitation of Confidential Material.

9. Within sixty (60) days of final termination of this action, or sooner if so ordered by this Court, counsel for the receiving party shall transmit all protected subject matter (including all copies thereof) produced during the action to counsel for the producing or disclosing party.

10. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to this action objects, at any stage of the proceedings, to the designation of a document or testimony as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court for appropriate relief. **Any such motion shall be in compliance with applicable local and federal**

1  **rules.** The supplying party seeking to maintain the confidentiality of the information
2  shall have the burden of establishing that the document or testimony is entitled to
3  confidential treatment.  If an application to the Court is made, the document or
4  testimony shall continue to be treated as confidential until the Court enters an order
5  determining otherwise.

6        11.   Any dispute concerning the application of this Order shall be
7  heard by the Court upon motion by the objecting party.

8        12.   The parties agree that this stipulation is binding upon them
9  regardless of whether the Order is signed by the Court.

11     IT IS SO ORDERED.

12  Dated:  May 24, 2012

                                                     */s/*
                                          CARLA M. WOEHRLE
                                          UNITED STATES MAGISTRATE JUDGE

UNDERSTANDING AND AGREEMENT PURSUANT TO
PROTECTIVE ORDER

     I hereby state that I have read a copy of the Stipulated Protective Order in <u>St. Vincent Medical Center vs. The Mega Life and Health Insurance Company</u>, case no. CV 12-2694 SVW (CWx), pending in United States District Court, for the Central District of California, Western Division.  I understand its terms and I agree to be bound by its terms.

Dated: _____      _____
                                                        Signature

                                                       _____
                                                       Printed Name

                                                       _____
                                                       Address

EXHIBIT A

302296813.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES